UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
KERISSA MONIQUE J.,

                    Plaintiff,        <u>DECISION AND ORDER</u>
                                           7:24-CV-08645-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In November of 2021, Plaintiff Kerissa Monique J.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on August 18, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

No. 15). For the following reasons, Plaintiff's motion is due to be denied

and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on November 6, 2021, alleging disability

beginning October 19, 2019. (T at 78, 98, 200-201).[2]  Plaintiff's application

was denied initially and on reconsideration.  She requested a hearing

before an Administrative Law Judge ("ALJ").

A hearing was held on July 13, 2023, before ALJ Timothy Belford. (T

at 36-60). Plaintiff appeared with an attorney and testified. (T at 41-54). The

ALJ also received testimony from Christine Spaulding, a vocational expert.

(T at 54-58).

### B.    ALJ's Decision

On January 4, 2024, the ALJ issued a decision denying the

application for benefits. (T at 14-35).  The ALJ found that Plaintiff last met

the insured status requirements of the Social Security Act on March 31,

2023 (the date last insured) and did not engage in substantial gainful

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

activity between October 19, 2019 (the alleged onset date) and the date last insured. (T at 19).

The ALJ concluded that, as of the date last insured, Plaintiff's degenerative changes of the lumbar and cervical spine; cervical and lumbar radiculopathy; degenerative changes of the left shoulder; anxiety disorder; depressive disorder; and schizophrenia were severe impairments as defined under the Act. (T at 20).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can perform no more than frequent reaching; no more than occasional overhead reaching; and have no more than occasional exposure to work environments with concentrated pulmonary irritants. (T at 22).

The ALJ further found that, as of the date last insured, Plaintiff could understand and carry out simple, routine tasks, with no more than

3

occasional workplace changes, in an environment that requires no interaction with the public and only occasional interaction with co-workers. (T at 22).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform her past relevant work as a store laborer, medical assistant, laboratory aide, date entry, or sandwich maker. (T at 28).

However, considering Plaintiff's age (31 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed as of the date last insured.  (T at 28-29).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between October 19, 2019 (the alleged onset date) and March 31, 2023 (the date last insured). (T at 30).

On September 17, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 14, 2024. (Docket No. 1).  On April 3, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 15, 16).  The Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings, on June 12, 2025. (Docket No. 18).  On July 2, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 19).

## II.  APPLICABLE LAW

A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Second, she challenges the ALJ's consideration of her subjective complaints.  The Court will address each argument in turn.

### A.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Plaintiff argues that the ALJ erred by failing to give sufficient persuasive weight to the opinions of her treating mental health providers.  The Court will summarize those opinions and then consider the ALJ's analysis.

### 1. Treating Provider Opinions

Dr. Richard Gersh, a psychiatrist, completed a medical source statement in July of 2022.  He had been treating Plaintiff every 1-2 months for about 7 months. (T at 739).  Dr. Gersch opined that Plaintiff's impairments or treatment would cause her to be absent from work less than once per month; found no limitation in her ability to understand, remember, and carry out instructions; but assessed extreme impairment in her ability to interact appropriately with the public and moderate limitation with respect

to asking simple questions or requesting assistance, with no impairment as to other social skills, including interacting with coworkers and supervisors. (T at 740-41).  Dr. Gersh assessed no restriction in Plaintiff's activities of daily living or ability to maintain concentration, persistence, or pace, but found extreme limitation as to her social functioning. (T at 742).

Dr. Carol Kessler, a psychiatrist, completed a medical source statement in July of 2023.  She has been treating Plaintiff for approximately two weeks at the time of her assessment. (T at 833).  Dr. Kessler diagnosed unspecified schizophrenia. (T at 833).  She opined that Plaintiff would be absent from work more than 3 times per month due to her impairments or treatment. (T at 834).

Dr. Kessler assessed marked impairment in Plaintiff's ability to maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, and deal with stress or semi-skilled and skilled work; and extreme limitation with respect to maintaining regular attendance and being punctual, working in coordination with or proximity to others without being unduly distracted, and completing a normal workday or workweek without interruptions from psychologically-based symptoms. (T at 835).

Dr. Kessler opined that Plaintiff had marked loss in her ability to interact appropriately with the public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers and peers; respond appropriately to changes in a routine work setting; and use public transportation. (T at 835). She also believed Plaintiff would experience frequent deficiencies of concentration, persistence, or pace, resulting in failure to complete tasks in a timely manner. (T at 836).

The ALJ found Dr. Gersh's opinion "partially" persuasive and Dr. Kessler's opinion unpersuasive. (T at 27). The Court finds the ALJ's decision to discount the treating providers' assessments of extreme and marked impairment in Plaintiff's mental functioning is supported by substantial evidence and is consistent with applicable law. Here's why.

First, the ALJ's decision is supported by other medical opinion evidence of record.

In March of 2022, Dr. K. Lieber-Diaz, a non-examining State Agency review physician, assessed moderate impairment in Plaintiff's ability to understand, remember, and carry out detailed instructions; moderate limitation as to maintaining attention and concentration for extended periods; moderate impairment with respect to performing activities within a schedule, maintaining regular attendance, and being punctual within

customary tolerances; moderate limitation in her social functioning; and moderate impairment with regard to responding appropriately to changes in a routine work setting. (T at 70-74).

The ALJ found this assessment persuasive and as discussed further below, incorporated limitations in Plaintiff's mental functioning consistent with those identified by Dr. Lieber-Diaz. (T at 26).

Second, support for the ALJ's decision is found in assessments provided by Dr. L. Blackwell and Dr. Jeanne Villani.

Dr. Blackwell, another State Agency review consultant, concluded that Plaintiff could meet the mental demands of unskilled work activity. (T at 94).

Dr. Villani performed a consultative psychiatric evaluation in March of 2022. She diagnosed intermittent explosive disorder, schizophrenia, and social anxiety. (T at 671). Dr. Villani opined that Plaintiff had no limitation in social functioning; mild limitation in understanding, remembering, and applying directions; and mild impairment in using reason and judgment, sustaining concentration and pace, and sustaining an ordinary routine and regular attendance. (T at 671).

The ALJ found these assessments only somewhat persuasive, finding Plaintiff more limited than Dr. Blackwell and Dr. Villani and incorporating those limitations into the RFC determination. (T at 26-27).

These opinions nevertheless support the ALJ's decision to discount the more restrictive aspects of the treating providers' assessments. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Third, the ALJ relied on a reasonable reading of the record.  In particular, the ALJ noted that although Plaintiff experienced consistent psychiatric symptoms, the mental status examination findings were generally unremarkable, evidencing that Plaintiff's symptoms were well-managed with medication. (T at 21, 24-26, 47, 585-633, 669-70, 797-98, 827, 830, 855-1001).  The ALJ also noted that Plaintiff attended to self-care, managed her finances, went to the movies and visited museums, and performed basic chores. (T at 26, 93, 613, 706, 708, 829-30, 886-87, 901).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

In addition, while ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of marked or extreme impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5,

2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

Notably, the ALJ did not discount the evidence of Plaintiff's limitations in mental functioning, including Dr. Gersch's assessment of impairment in social functioning and other opinions finding limitation in Plaintiff's ability to understand, remember, or apply information; maintain concentration, persistence, and pace; and adapt and manage herself. Instead, the ALJ recognized moderate limitations in all of these domains (T at 21-22) and limited Plaintiff to work involving simple, routine tasks, with no more than occasional workplace changes, no contact with the public, and only occasional interaction with co-workers. (T at 22).

An ALJ can appropriately account for moderate mental impairments through an RFC containing non-exertional limitations like those found by the ALJ here. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018

WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions. However, for the reasons discussed above, the Court concludes that the ALJ's decision is supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

B.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

18

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the

19

claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She cannot work due to auditory hallucinations, which persist despite medication. (T at 45, 47-48). Plaintiff speaks with her mother daily, needs reminders to take her medication, and has a case manager who checks on her in her apartment once a month as part of her supportive housing (Tr. 50-52).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 26).

As discussed above, the ALJ did not disregard the evidence of impairment in Plaintiff's mental functioning, including Plaintiff's subjective

complaints, and instead incorporated significant limitations into the RFC determination. (T at 22).

In sum, as discussed above, the ALJ's decision was based on a reasonable reading of the record, a well-supported reconciliation of the competing medical opinions, and appropriate consideration of Plaintiff's activities of daily living.

The Court, therefore, finds no reversible error and concludes that the ALJ's decision must be sustained under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding… where the ALJ identified specific record-based reasons for his ruling").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: September 8, 2025          *s/Gary R. Jones*
                                                          GARY R. JONES
                                                          United States Magistrate Judge